UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES B. HAMILTON,<br><br>        Plaintiff,<br><br>vs.<br><br>CDCR, et al.,<br><br>        Defendants | Case No. 1:12 cv 02084 GSA PC<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).

    This action proceeds on the June 10, 2013, first amended complaint, filed in response to an earlier order dismissing the original complaint and granting Plaintiff leave to file amended complaint.

    Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at the Correctional Training Facility in Soledad, brings this civil rights action against defendants CDCR, Wasco State Prison, and correctional officials employed by the CDCR at Wasco. Plaintiff names as defendants J. D. Lozano, R. Escalante and R. Vega. Plaintiff claims that while he was housed at Wasco, he was been subjected to discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment.

In the order dismissing the original complaint, the Court noted that Plaintiff did not charge any individual defendant with any specific conduct. Plaintiff's entire statement of claim consisted of a vague allegation that Wasco State Prison, the CDCR, and the individual defendants have subjected Plaintiff to discrimination.

"The Equal Protection Clause of the Fourteenth Amendment commands that no state shall 'deny to any persons within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). The "purpose of the equal protection clause of the Fourteenth Amendment is to secure to every person within the State's jurisdiction against intentional and arbitrary discrimination, whether occasioned by express terms of a statute or by its own improper execution through duly constituted agents." Sioux City Bridge Co. v. Dakota County, 260 U.S. 441, 445 (1923).

A section 1983 plaintiff alleging an equal protection violation must prove that: (1) the defendants treated plaintiff differently from others similarly situated; (2) the unequal treatment was based on an impermissible classification; (3) the defendants acted with discriminatory intent in applying this classification; and (4) plaintiff suffered injury as a result of the discriminatory classification. Moua v. City of Chico, 324 F.Supp.2d 1132, 1137 (E.D. Cal. 2004); see Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998)(a section 1983 plaintiff alleging denial of equal protection "must show that the defendants acted with an intent or purpose to discriminate against plaintiff based on membership in a protected class."); Van Pool v. City and County of San Francisco, 752 F.Supp. 915, 927 (N.D. Cal. 1990)(section 1983 plaintiff must prove purposeful discrimination by demonstrating that he "receiv[ed] different treatment from that received by others similarly situated," and that the treatment complained of was under color of state law).

2

In the order dismissing the original complaint, the Court found Plaintiff's allegations to be vague. Plaintiff was advised that in order to state a claim under section 1983, he must allege facts indicating that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006). "A person deprives another of a constitutional right, where that person 'does an affirmative act, participates in another's affirmative acts, or omits to perform an act which [that person] is legally required to do that causes the deprivation of which complaint is made.'" Hydrick v. Hunter, 500 F.3d 978, 988 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "[T]he 'requisite causal connection can be established not only by some kind of direct, personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson at 743-44).

Plaintiff was also advised that, regarding Defendant CDCR, the Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state. Though its language might suggest otherwise, the Eleventh Amendment has long been construed to extend to suits brought against a state both by its own citizens, as well as by citizens of other states." Brooks v. Sulphur Springs Valley Elec. Coop., 951 F.2d 1050, 1053 (9th Cir. 1991); see also Seminole Tribe of Florida v. Florida, 517 U.S. 44 (1996); Puerto Rico Aqueduct Sewer Authority v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991).

The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant. See Natural Resources Defense Council v. California Department of Transportation, 96 F.3d 420, 421 (9th Cir. 1996); Brooks, 951 F.2d at 1053;

Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College District, 861 F.2d 198, 201 (9th Cir. 1989). Plaintiff was specifically advised that the CDCR and Wasco State Prison, as agencies of the State of California, are therefore immune from suit.

Because the original complaint failed to state a claim for relief, the Court dismissed the complaint and granted Plaintiff leave to file an amended complaint. In the June 10, 2013, first amended complaint, Plaintiff fails to correct the deficiencies identified in the order dismissing the original complaint. Plaintiff's statement of claim, in its entirety, follows:

> Since 5/2/2013 I was in the hospital at Salinas Valley Memorial & then to hospital here at prison, and I'm in AdSeg for a reprisal from a complaint of ADA American Disability Act. As of today was the first day I have received any property, any legal property.

Plaintiff makes no allegations regarding any conduct by any individual Defendant, and makes no reference any conduct by any individual that could be construed as a violation of the Equal Protection Clause. There were no claims in the original complaint regarding ADA violations, or deprivation of any personal or legal property. In the order dismissing the original complaint, Plaintiff was specifically cautioned that he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Because Plaintiff has not cured, or even addressed, the deficiencies identified in the earlier order dismissing the original complaint, the Court dismisses the claims made in the original complaint with prejudice for failure to state a federal claim upon which the court could

grant relief. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

Accordingly, IT IS HEREBY ORDERED that this action is dismissed for failure to state a claim upon which relief can be granted.   The Clerk is directed to close this case.


IT IS SO ORDERED.

Dated:   **June 14, 2013**              /s/
**Gary S. Austin**

UNITED STATES MAGISTRATE JUDGE