Case 1:12-cv-02084-GSA   Document 22   Filed 07/01/13   Page 1 of 2

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES B. HAMILTON,<br><br>            Plaintiff,<br><br>      vs.<br><br>CDCR, et al.,<br><br>            Defendants. | 1:12-cv-02084-GSA-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br>(Doc. 21.) |

## I.     BACKGROUND

James B. Hamilton ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on December 11, 2012. (Doc. 1.) On January 25, 2013, Plaintiff filed a form consenting to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and no other parties have made an appearance. (Doc. 9.) Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

This case was dismissed by the undersigned on June 17, 2013, based on Plaintiff's failure to state a claim upon which relief may be granted under § 1983, and judgment was entered. (Doc. 19.) On June 26, 2013, Plaintiff filed a motion to amend the judgment, which the court construes as a motion for reconsideration of the court's order dismissing this action. (Doc. 21.)

1

## II. MOTION FOR RECONSIDERATION

The Court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir. 1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C. Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987). When filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." L.R. 230(j).

Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Therefore, the motion for reconsideration shall be denied.

## III. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on June 26, 2013, is DENIED.

IT IS SO ORDERED.

Dated:   **July 1, 2013**                            **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE